| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| GARY FORSEE AND SHERRY FORSEE, | ) | CIVIL ACTION COVERSHEET |
| Plaintiffs | ) | |
| | ) | 09- CP -10 - 6346 |
| vs. | ) | |
| | ) | |
| THE HOME STORE, LLC, | ) | |
| WOODMARK, INC., and WERZALIT OF AMERICA, INC., | | |
| Defendants. | ) | |

| (Please Print) | SC Bar #: | 3676 |
|---|---|---|
| Submitted By: MARK A. MASON, ESQUIRE | Telephone #: | (843) 884-1444 |
| Address: 365 W. Coleman Boulevard, Ste. 302 | Fax #: | (843) 884-3595 |
| Mount Pleasant, SC 29464 | Other: | |
| | E-mail: | mark@masonlawfirm.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| ☒ Breach of Warranty | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| ☒ Negligence | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | |
| ☐ Other (699) | | |

Submitting Party Signature: _____     Date: 10/7/2009

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO. 09-CP-10-6346 |
| ) | |
| GARY FORSEE AND SHERRY ) | |
| FORSEE, ) | |
| ) | |
| Plaintiffs, ) | **SUMMONS** |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| THE HOME STORE, LLC and ) | |
| WOODMARK, INC. and ) | |
| WERZALIT OF AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

FILED 2009 OCT -7 PM 4:28 JULIE J. ARMSTRONG CLERK OF COURT

09-1-01695

**TO THE DEFENDANTS ABOVE-NAMED**:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber, Mark A. Mason, Esquire of The Mason Law Firm, PA., at his office located at 465 West Coleman Boulevard, Suite 302, Mount Pleasant, South Carolina, 29464, within thirty (30) days after service hereof, exclusive of the day of such service.

**YOU ARE HEREBY GIVEN NOTICE FURTHER** that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Complaint.

Page 1 of 2

THE MASON LAW FIRM, P.A.

BY: _____
MARK A. MASON
THE MASON LAW FIRM, P.A.
Tidewatch Centre on Shem Creek
465 West Coleman Boulevard, Suite 302
Mount Pleasant, South Carolina 29464
Telelphone: (843) 884-1444
Facsimile:   (843) 884-3595
E-mail: mark@masonlawfirm.com

Attorney for the Plaintiffs

Mount Pleasant, South Carolina
October 6, 2009

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO. 09-CP-10-__6346__ |
| ) | |
| GARY FORSEE AND SHERRY ) | |
| FORSEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| THE HOME STORE, LLC, ) | |
| WOODMARK, INC. and ) | |
| WERZALIT OF AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

FILED 2009 OCT -7 PM 4:28 BY JULIE J. ARMSTRONG CLERK OF COURT

The Plaintiffs above named, complaining of the Defendants above named, would respectfully show unto this Honorable Court as follows:

1. Plaintiffs, Gary Forsee and Sherry Forsee, are citizens and residents of the State of Missouri, County of Jackson, and at all times hereinafter mentioned, they were and are presently the owners of a residence located at 70 Ocean Point, Isle of Palms, South Carolina.

2. Defendant, The Home Store, LLC, ("Home Store"), is a limited liability company organized and existing under the laws of the State of South Carolina, with its primary place of business being located in the County of Charleston, and at all times relevant hereto said company was engaged in the construction of residential housing and specifically constructed the Plaintiffs' residence located at 70 Ocean Point, Isle of Palms, South Carolina.

3. Defendant, Woodmark, Inc., ("Woodmark"), is a corporation organized and existing under the laws of the State of South Carolina, with its primary place of business being located in the County of Charleston, and at all times relevant hereto said company was engaged in the construction

of residential housing and specifically said company participated in the construction of the Plaintiffs' residence located at 70 Ocean Point, Isle of Palms, South Carolina.

4.  Defendant, Werzalit of America, Inc., ("Werzalit"), is a corporation organized and existing under the laws of the State of Pennsylvania, and it does business as a foreign corporation in the County of Charleston, State of South Carolina in that it employs agents that distribute its wood products in said State and County.

5.  The Court has jurisdiction over the parties and the subject matter of this action.

6.  Defendants Home Store / Woodmark constructed the residence located at 70 Ocean Point, Isle of Palms, South Carolina.

7.  Defendant Werzalit supplied the wood siding product and fasteners which were utilized in the construction of the residence located at 70 Ocean Point, Isle of Palms, South Carolina.

8.  Plaintiffs recently became aware of construction defects and deficiencies as well as product failures relating to their home.

9.  That as a result of the various defects, deficiencies and product failures to their home, the Plaintiffs have been damaged and will be required to expend large sums of money to repair, correct and replace various parts and components of their residence and reconstruct major portions of their residence, and Plaintiffs have been exposed to and will be subject to loss of use, enjoyment and depreciation of the value of their property.

**FOR A FIRST CAUSE OF ACTION**

(Negligence as to All Defendants)

10.  Plaintiffs hereby repeat and reallege the foregoing allegations of the Complaint as if set forth herein verbatim.

11. At all times material hereto, Defendants, by and through its agents, servants and employees, undertook and was under a duty to construct the residence and to provide materials and services in accordance with applicable building codes, manufacturers' instructions, in accordance with applicable plans and specifications and in conformance with accepted construction and industry standards.

12. Defendants were negligent, grossly negligent, careless, reckless, willful and wanton in constructing and supervising the construction of the said residence in failing to construct in accordance with applicable building codes, manufacturers' instructions, in accordance with applicable plans and specifications and in conformance with accepted construction and industry standards, all of which has directly and proximately caused defects and deficiencies in the residence, which will need to be or have been corrected, repaired and/or replaced. Such negligence, gross negligence, carelessness, recklessness, willfulness and wantonness includes but are not limited to the following particulars, to wit:

   (a)   In failing to se due care in the construction of the subject residence;

   (b)   In failing to adequately supervise the work and construction of the subject residence;

   (c)   In failing to hire competent employees, subcontractors or specialty contractors;

   (d)   In failing to adequately and competently supervise and/or train said employees, subcontractors or specialty contractors;

   (e)   In constructing the subject residence in violation of applicable building codes, standard building practices, relevant product specifications and accepted construction industry standards and practices;

   (f) In failing to properly install or supervise the installation of the standing seam metal roof system;

   (g) In failing to properly install or supervise the installation of the siding;

   (h) In failing to properly install or supervise the installation of the windows;

   (i) In failing to properly frame or supervise the framing of the structure;

   (j) In failing to properly install or supervise the installation of the foundation;

   (k) In failing and neglecting to properly construct the home so as to prevent and eliminate water intrusion into the home;

   (l) In constructing the subject residence in such a manner that water entered into the dwelling;

   (m) In providing defective fasteners that corroded and failed under foreseeable conditions thereby causing the siding to fail; and,

   (n) In other deficiencies and failures as will be proved at trial.

## FOR A SECOND CAUSE OF ACTION

**(Breach of Warranty of Habitability, Breach of Warranty of Workmanlike Services, Breach of Warranty of Fitness for a Particular Purpose, Breach of Warranty of Merchantability, Breach of Warranty Against Latent Defects as to All Defendants)**

13. Plaintiffs hereby repeat and reallege the foregoing allegations of the Complaint as if set forth herein verbatim.

14. Defendants expressly warranted that the construction of the residence and the materials utilized would be such that the residence would be habitable and fit for its intended use as

a single family home and that such construction would be performed in a fit, good and workmanlike fashion in accordance with the applicable building codes, accepted construction industry standards and accepted design and architectural standards applicable thereto and that the construction would be free from latent defects and fit for the particular purpose for which the work was performed.

15. Defendants breached said warranties by constructing the residence in such a manner as to be in violation of applicable building codes, standard building and design practices, and accepted construction and industry standards and practices.

16. As a direct and proximate result of Defendants breach of these warranties, the Plaintiffs have suffered actual, direct, incidental, consequential and special damages, including but not limited to, the expenses associated with having to hire experts to investigate the causes of the defects, deficiencies and damages as set forth above, and having to spend substantial sums of money in order to correct, repair, remediate and restore the residence; all of which will require Plaintiffs to expend great amounts of money to correct and repair the deficiencies and damages as set forth herein as well as to suffer the loss of use and enjoyment of their property, as well as the loss of value and depreciation by virtue of the defects and damages aforesaid.

### FOR A THIRD CAUSE OF ACTION

**(Breach of Contract as to Defendants Home Store / Woodmark)**

17. Plaintiffs hereby repeat and reallege the foregoing allegations of the Complaint as if set forth herein verbatim.

18. Plaintiffs entered into a contract with Defendants Home Store / Woodmark for the construction of the residence at 70 Ocean Point, Isle of Palms, South Carolina.

19. The contract provided that Defendant Home Store / Woodmark would construct the

said residence in accordance with the plans and specifications, applicable building codes, industry standards and practices, and that he would follow the manufacturers instructions relating to the installation of building components.

20. Defendants Home Store / Woodmark breached the contract by failing to install the roof, siding, framing, windows and foundation in accordance with the plans and specifications, applicable building codes, industry standards and practices, or the manufacturer's instructions.

21. As a direct and proximate result of said breach Plaintiffs have or will be required to expend great amounts of money to correct and repair the deficiencies and damages as set forth herein as well as to suffer the loss of use and enjoyment of their property, as well as the loss of value and depreciation by virtue of the defects and damages aforesaid.

## FOR A FOURTH CAUSE OF ACTION

### (Breach of Express Warranty Against Defendant Werzalit)

18. Plaintiffs hereby repeat and reallege the foregoing allegations of the Complaint as if set forth herein verbatim.

19. Defendant Werzalit expressly warranted its siding product and the fasteners it supplied were suitable for their intended purpose; would not fail following installation; and, that said product would have an extended useable life span.

20. Defendant Werzalit breached its express warrant in that the fasteners corroded and failed, causing the siding to fail, well within the product's intended useful life.

21. Defendant Wersalit now supplies or recommends the use of different fasteners to install its siding.

22. As a direct and proximate result of Defendant Werzalit's breach of its express

warranties, the Plaintiffs have suffered actual, direct, incidental, consequential and special damages, including but not limited to, the expenses associated with having to hire experts to investigate the causes of the defects, deficiencies and damages as set forth above, and having to spend substantial sums of money in order to correct, repair, remediate and restore the residence; all of which will require Plaintiffs to expend great amounts of money to correct and repair the deficiencies and damages as set forth herein as well as to suffer the loss of use and enjoyment of their property, as well as the loss of value and depreciation by virtue of the defects and damages aforesaid.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants in an amount of actual, incidental and consequential damages to be determined by the trier of fact; for a trial by jury; for the costs of this action; and, for such other and further relief as this Court may deem just and proper.

THE MASON LAW FIRM, P.A.

BY: _____
**MARK A. MASON**
THE MASON LAW FIRM, P.A.
Tidewatch Centre on Shem Creek
465 West Coleman Boulevard, Suite 302
Mount Pleasant, South Carolina 29464
Telelphone: (843) 884-1444
Facsimile:  (843) 884-3595
E-mail: mark@masonlawfirm.com

Attorney for the Plaintiffs

Mount Pleasant, South Carolina
October 6, 2009

FILED

2010 JAN 28 PM 4:03

JULIE J. ARMSTRONG
CLERK OF COURT

BY

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | NINTH JUDICIAL CIRCUIT |
| | ) | CASE NO. 2009-CP-10-6346 |
| Gary Forsee and Sherry Forsee, | ) | |
| Plaintiffs, | ) | |
| v. | ) | **DEFENDANT WERZALIT OF AMERICA, INC.'S ANSWER TO DEFENDANT THE HOME STORE, LLC'S CROSS-CLAIM AND CROSS-CLAIM BACK** |
| The Home Store, LLC, Woodmark, Inc., and Werzalit of America, Inc., | ) | |
| Defendants. | ) | |

TO:   MORGAN S. TEMPLETON, ESQ., GRAHAM P. POWELL, ESQ., THEODORE L. MANOS, ESQ., and L. DEAN BEST, ESQ., ATTORNEYS FOR DEFENDANT THE HOME STORE, LLC

Defendant Werzalit of America, Inc. ("Werzalit") answers the Cross-Claim of Defendant The Home Store, LLC ("The Home Store") and asserts its Cross-Claim back against The Home Store as follows:

**FIRST DEFENSE**

1.   Werzalit denies each and every allegation of the Cross-Claim not specifically admitted herein.

2.   Paragraphs 1 through 40 constitute The Home Store's Answer to the Plaintiffs' Complaint and its affirmative defenses. As such, the allegations of Paragraphs 1 through 40 do not purport to state a claim against Werzalit, but to the extent that they do, Werzalit denies the same.

3.   Responding to Paragraph 41, Werzalit incorporates by reference its responses to the preceding paragraphs.

4.   Werzalit admits upon information and belief the allegations of Paragraph 42.

{01711255.2}

5. Werzalit admits so much of the allegations of Paragraph 43 as allege that it is a business organized under the laws of a state other than South Carolina. Defendant Werzalit further admits, upon information and belief, so much of Paragraph 43 as alleges that it sold certain products for use in the construction of Plaintiffs' house. Werzalit denies the remaining allegations of Paragraph 43 and demands strict proof thereof.

6. Responding to Paragraph 44, Werzalit craves reference to the Plaintiffs' Complaint as the best evidence of its contents and denies any allegations of Paragraph 44 inconsistent therewith. Werzalit denies that its siding product is defective or has caused damage to Plaintiffs' residence.

7. Werzalit denies the allegations of Paragraph 45.

## AS TO THE FIRST CAUSE OF ACTION
(Negligence)

8. Responding to Paragraph 46, Werzalit incorporates by reference its responses to the preceding paragraphs.

9. The allegations of Paragraph 47 constitute conclusions of law, and LP is required neither to admit nor to deny.

10. Werzalit denies the allegations of Paragraphs 48 and 49.

## AS TO THE SECOND CAUSE OF ACTION
(Breach of Contract)

11. Responding to Paragraph 50, Werzalit incorporates by reference its responses to the preceding paragraphs.

12. Responding to Paragraphs 51 and 52, Werzalit craves reference to the terms of the express contract, if any, as to the best evidence of its contents and denies any allegations of Paragraphs 51 and 52 inconsistent therewith.

13. Werzalit denies the allegations of Paragraphs 53 and 54.

## AS TO THE THIRD CAUSE OF ACTION
(Indemnity)

14.     Responding to Paragraph 55, Werzalit incorporates by reference its responses to the preceding paragraphs.

15.     Responding to Paragraph 56, Werzalit craves reference to the terms of the express contract, if any, as to the best evidence of its contents and denies any allegations of Paragraph 56 inconsistent therewith. To the extent the allegations of Paragraph 56 constitute conclusions of law, LP is required neither to admit nor to deny. LP denies the remaining allegations of Paragraph 56.

16.     Werzalit denies the allegations of Paragraphs 57 and 58.

## AS TO THE FOURTH CAUSE OF ACTION
(Breach of Warranty)

17.     Responding to Paragraph 59, Werzalit incorporates by reference its responses to the preceding paragraphs.

18.     Responding to Paragraph 60, Werzalit admits only so much of those allegations as allege that it made express written warranties to some of its purchasers, which warranties are themselves the best evidence of their contents, and denies any allegations inconsistent with the express written warranties. Werzalit denies the remaining allegations of Paragraph 60.

19.     Werzalit denies the allegations of Paragraph 61.

**SECOND DEFENSE**

20.     Werzalit asserts that some or all of these claims are barred or limited by the contributing, concurring, intervening, superseding or insulating fault and breach of persons or entities other than Werzalit, which fault or breach may include but is not limited to improper installation, misuse and abuse of Werzalit's products, incorporation into structures with defects in other structural components resulting in whole or part in the damages sought, and/or alteration

or modification of Werzalit's products after they left the control of Werzalit, without the express consent or instructions of Werzalit. Any fault or breach by Werzalit, the existence of which is denied, was passive and secondary in light of the primary and active fault or breach of others.

### THIRD DEFENSE

21. Any damages sustained by The Home Store were due to and caused by the negligence and recklessness of The Home Store, or its respective agents and representatives, which acts combined, contributed, and concurred with any alleged negligence or recklessness on the part of Werzalit, if any, which is expressly denied, and, therefore, The Home Store is barred from recovery herein.

### FOURTH DEFENSE

22. Werzalit denies any defect in the design of its products or any legal deficiency in the instructions or other communications concerning the use of those products, and further says that its products were subsequently sold to learned intermediaries or purchasers with learned intermediaries as advisors and installers, and that each received a product in compliance with the state of the art at the time.

### FIFTH DEFENSE

23. The Cross-Claim fails to state facts sufficient to constitute a cause action against this defendant.

### RESERVATION AND NON-WAIVER

Werzalit incorporates by express reference all allegations and defenses contained in its Answer to Plaintiffs' Complaint as may be applicable hereto. Werzalit reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

{01711255.2}

4

### BY WAY OF CROSS-CLAIM AGAINST THE HOME STORE, LLC

1. Plaintiffs have sued Werzalit seeking damages allegedly caused by Werzalit's siding in the above action, as set forth in Plaintiffs' Complaint.

2. Werzalit has denied all substantive allegations made by Plaintiffs.

3. Werzalit has a special relationship with The Home Store in that The Home Store, either with its own employees or through its subcontractors, installed Werzalit's siding to the Plaintiffs' residence.

4. The Home Store, with its own employees or through its subcontractors, failed to install Werzalit's siding in accordance with the installation instructions and with good building practices and its work was not consistent with the standard in the industry at the time.

5. Werzalit has been exposed to liability by the wrongful acts of The Home Store.

6. Any claims or damages alleged against Werzalit are the result of the wrongful acts and omissions of The Home Store as set forth above.

7. Werzalit is entitled to be indemnified and held harmless by The Home Store for any amount for which it may be held liable to other parties and for the attorneys' fees and costs incurred as a result of this litigation.

### DEMAND FOR JURY TRIAL

Werzalit respectfully requests trial by jury of all issues of fact arising in this litigation.

**WHEREFORE**, having fully answered the Cross-Claim, Werzalit prays that the same be dismissed as to it, with prejudice, that it be awarded costs, including reasonable attorney's fees, and for such other and further relief as the Court may deem just and proper.

{Signature Page to Follow}

{01711255.2}

BUIST MOORE SMYTHE MCGEE P.A.



James E. Weatherholtz, S.C. Bar No. 16872
Harrison M. Trammell, S.C. Bar No. 78554
5 Exchange Street
P.O. Box 999
Charleston, SC 29402

(843) 722-3400

*Attorneys for Defendant Werzalit of America, Inc.*

January 27, 2010
Charleston, South Carolina

{01711255 2}

6